[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10162
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00089-RH-CAS

RONALD DAVID JONES,

Plaintiff-Appellant,

versus

SECRETARY FOR CITY MANAGERS
JACK MCLEAN AND MIKE WADE,
Secretary City of Quincy,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 12, 2016)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

The District Court, adopting the Report and Recommendation of the Magistrate Judge, *sua sponte* dismissed for failure to state a claim for relief the *pro se* complaint Ronald David Jones filed in this case, seeking money damages under 42 U.S.C. § 1983 for alleged violations of his rights under the federal constitutional and state common law.  Jones appeals the dismissal.  We affirm.

The Magistrate Judge described the material allegations of Jones' complaint thusly:

> The complaint alleges that on April 22, 2014, the Mayor of Quincy went to Plaintiff's house and asked whether Plaintiff had ever received payment from the City of Quincy.  The payment . . . presumably pertains to Plaintiff's utility bill.  The Mayor told Plaintiff he should have already received a check and advised Plaintiff he had personally seen the list which contained Plaintiff's name.  Plaintiff then went to City Hall to talk with Mike Wade, Interim City Manager, about his check.  Plaintiff complains that Wade's secretary refused to let Plaintiff speak with him.  When Plaintiff returned with his mother, Wade was standing in the lobby.  Plaintiff tried to talk to Wade about the check when Wade asked Plaintiff to step into his office.  Plaintiff contends the secretary, whose name is apparently unknown, was gesturing to Wade not to do so.  Plaintiff contends the secretary was telling Wade "what to do."  Plaintiff states that then he went to the City Commission meeting on May 13, 2014, the secretary came up to him, gave him a "mean look, and intentionally stepped" on Plaintiff's foot "while saying some smart remark" to Plaintiff.  Plaintiff also contends that when he went to meet with Wade the next day, the Secretary told Plaintiff he "had no business running for President because [Plaintiff] did not salute the flag . . . ."

These allegations on their face show no violation of a federal constitutional right or of a right at common law.  The judgment of the District Court is, accordingly,

2

AFFIRMED.[1]

---

[1] Jones' motion for the appointment of counsel is DENIED.